IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DONALD FELIX WINNETT                                                                PLAINTIFF
ADC #139544

V.                                    NO.  4:07cv01227 JWC

SALINE COUNTY JAIL, et al                                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

On February 21, 2008, a recommendation was submitted to United States District Judge James M. Moody.  On February 25, 2008, the parties consented to the jurisdiction of United States Magistrate Judge Jerry W. Cavaneau (see docket entry #27).  Therefore, the recommendation (docket entry #25) is withdrawn and this memorandum opinion and order supercedes the recommendation.

**A.     Leave to Amend**

Plaintiff has filed a pleading which was properly docketed as a motion to amend / correct his complaint (docket entry #13).  The pleading is not a request for leave to amend but is the amendment itself.  Defendants have filed a response and brief in support (docket entries #18, #20).  In his original complaint (see docket entry #2), Plaintiff alleged Eighth Amendment deliberate medical indifference to his physical and mental health, cruel and unusual punishment / conditions of confinement, and excessive force claims.  In his proposed amendment, Plaintiff states his intention to name detective Sutterfield, one of his arresting officers, as a Defendant.  He offers no further explanation whatsoever as to why this individual should be named as a party to this action.  According to Defendants (see docket entry #18), "Detective Sutterfield" is Dan Sutterfield.  At the time of Plaintiff's arrest on May 26, 2006, for the crime of rape, Dan Sutterfield was a deputy working for the Saline

County Sheriff's Office. Although he did not actually arrest Plaintiff, he did supervise those who did make the arrest. Notwithstanding these facts, Defendants contend that none of Plaintiff's factual allegations even mention Dan Sutterfield's name.

The federal rules state that permission to amend "shall be freely given when justice so requires" see Fed. R. Civ. P. 15(a), denial of leave to amend is justified in the limited circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

For a defendant to be held liable under 42 U.S.C. § 1983, he must have personally participated in, or had some responsibility for, the particular act which deprived plaintiff of a constitutionally protected right. Ellis v. Norris,179 F.3d 1078, 1079 (8th Cir. 1999) ("despite having been ordered to amend his complaint to clarify how . . . defendants upon whom he sought service had violated his constitutional rights, [plaintiff] failed to allege facts supporting any individual defendant's personal involvement or responsibility for the violations"); see also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (plaintiff failed to allege sufficient personal involvement by any defendant to support a claim); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."); Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir.1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Plaintiff solely states his intention to name detective Sutterfield as a Defendant.[1] In my opinion, allowance of the amendment under these circumstances would be futile given Plaintiff's failure to allege facts supporting any personal involvement or responsibility by detective Sutterfield in any of his claims. For these reasons, Plaintiff's motion for leave to file an amended complaint is denied.

**B.   Defendant, Saline County Jail**

At this time the Court notes that Plaintiff has named the Saline County Jail as a Defendant. In order to bring a viable § 1983 action, Plaintiff must name as a defendant an entity that is subject to being sued. The Saline County Jail is not an entity amenable to suit. A county jail is not a proper entity to sue under § 1983. Russell v. Mobile County Sheriff, No. CIV. A. 00-0410CBC, 2000 WL 1848470, at *2 (S.D. Ala., Nov. 20, 2000) (a subdivision of a sheriff's department, such as the jail, is not a legal entity that can be sued); Marsden v. Fed. Bhd. of Police, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (stating same); see also Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (police department is not suable entity, but rather is department or subdivision of city government).

Section 1983 authorizes imposition of liability against any person, who, acting under color of state law, subjects a citizen to deprivation of his federal rights. The term "person" in § 1983 encompasses state and local officials sued in their individual capacities, private individuals and entities acting under color of state law, and local entities and their officials sued in their official capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

---

[1] In his brief in support of his third motion to appoint counsel (docket entry #15) and his affidavit in support of same (docket entry #16), Plaintiff states simply that he was "injured during [his] arrest by detective Sutterfield . . . ." He alleges nothing more.

Because the term "person" does <u>not</u> encompass a county jail, Plaintiff's claims against Defendant Saline County Jail cannot survive.

## Conclusion

For the reasons set forth herein:

1. Plaintiff's motion for leave to file an amended complaint (docket entry #13) is DENIED.

2. Plaintiff's claims against Defendant Saline County Jail are hereby DISMISSED.

3. This case appears ready to set for trial. The parties have made timely jury demands (docket entries #16, #12). Motions dispositive of this case, in whole or in part, should be filed within forty-five (45) days of the date of this order. Absent the filing of any such motions, the parties are advised that counsel will be appointed and this case will be scheduled for a jury trial.

IT IS SO ORDERED this 25th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE